IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky New, | ) Civil Action No.: 6:14-291-BHH |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

The plaintiff, Ricky New ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.  On February 24, 2015, the magistrate judge issued a Report and Recommendation affirming the Commissioner's decision. (ECF No. 15.)  The plaintiff filed Objections on March 13, 2015 (ECF No. 16), and on March 25, 2015, the Commissioner filed a Reply (ECF No. 18).  For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  The plaintiff filed applications for DIB and SSI alleging a disability onset date of February 14, 2008.  (R. at 127-37, 162)  The plaintiff's applications were denied

initially and on reconsideration. (R. at 100-09, 111-15). A hearing was held before an ALJ who issued an unfavorable decision dated July 11, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 15-43, 64-90.) The Appeals Council denied the plaintiff's request for review (R. at 1-8), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on February 3, 2014. (ECF No. 1).

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 15 at 29.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

3

administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on March 13, 2015 (ECF No. 16), and the Commissioner filed a reply on March 25, 2015 (ECF No. 18). The plaintiff objects to the magistrate judge's recommendation concerning (1) the Appeals Council's failure to properly consider new evidence and (2) the ALJ's failure to make a proper residual functional capacity assessment. The Court will consider each specific objection in turn.[1]

First, the plaintiff continues to argue that the November 2012 opinion of Dr. David Shallcross (R. at 604), submitted to the Appeals Council, "might" have affected the ALJ's finding and, therefore, requires remand. The plaintiff relies on *Meyers v. Astrue*, 662 F.3d 700 (4th Cir. 2011), suggesting that Dr. Shallcross' opinion was "critical" missing evidence that the fact finder (the ALJ) needed to consider because it was the "only" record evidence of the opinion from a treating physician. The plaintiff believes that *Meyer*, on balance, requires Social Security cases be remanded if there is a real likelihood that new evidence, submitted to the Appeals Council, might have affected the factfinder's decision. In *Meyer*, the court ruled when the evidence as a whole, that is, the evidence before the ALJ and the evidence submitted to the Appeals Council, is not "one-sided," so that the court "cannot

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

determine whether substantial evidence supports the ALJ's denial," the case must be remanded. *Id.* at 707.

*Meyer* represents a fairly narrow basis for remand. The "new evidence" in this case was not declined by the Appeals Council. It was affirmatively considered. (R. at 2, 5.) As is common, of course, the Appeals Council did not give any specific basis for having rejected it. (R. at 2.) The Council is not required to do different. *See Meyer*, 662 F.2d at 705. But, because the letter was actually part of the appeal record, the standard includes a requirement beyond what is normally necessary when the Appeals Council has simply failed to consider it. *See Wilkins v. Secretary of Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991) (stating that Appeals Council should grant review "'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).

Namely, *Meyers* requires a blind spot in the record. The new evidence must fill an "evidentiary gap" and be "missing evidence." *See Meyer*, 662 F.3d at 707. But, where the ALJ has already "made . . . findings" on the issue and "reconcile[d] that evidence with the conflicting and supporting evidence in the record" remand is not appropriate. *See id.; see Turner v. Colvin*, 2015 WL 751522, at *5 (D.S.C. Feb. 23, 2015). Here, there is no such evidentiary gap. The Court need not repeat it, but the magistrate judge has already explained how the ALJ had both (1) relevant opinions of Dr. Shallcross, specifically, and (2) other substantial evidence of record. (R. at 23-26.) And so, Dr. Shallcross' 2012 letter does not fill any gap with respect to his view. It admittedly adds some proposed limitations

– namely, that pain would cause interruptions in the plaintiff's concentration sufficient to require rest away from work greater than an hour. (R. at 604.) But, the Court can only force a reconsideration, over the judgment of the Appeals Council about it, if there had been effectively a silence as to the physician's opinion or confusion over whether substantial evidence existed for the ALJ's determination. The new evidence's general materiality alone is insufficient under *Meyer*. As noted, Dr. Shallcross proposed numerous limitations in 2009, many overlapping with those repeated in 2012. (Compare 330 with 604.) Indeed, Dr. Shallcross' 2009 opinions were given controlling weight and those limitations were significantly credited. (R. at 34.) The fact that there exists "new evidence," which amounts to a kind of addendum to existing and considered evidence, seems not to justify remand under *Meyer*.

Again, the Court would emphasize that the evidence *does* imply a new limitation than those proposed in 2009. But, the undersigned disagrees that, based on the evidence of record already relied upon by the ALJ, *Meyer* permits any remand. And, the Court is not rejecting the 2012 opinion because it was insufficiently based on objective or clinical findings. It simply fails *Meyer*. Lastly, the magistrate judge did make a consideration of the related substantial evidence vis-a-vis the 2012 letter. But, this is not a *post-hoc* rationalization, as plaintiff objects. That analysis was necessary under *Meyer* to demonstrate that there is no evidentiary gap. *S ee Meyer*, 662 F.3d at 707. In hearsay parlance, the magistrate judge's analysis has not been performed for the truth of the matter. Rather, the magistrate judge was simply emphasizing that between the existing 2009 opinion of Shallcross and other substantial evidence of record no gap existed that

6

would allow space for consideration of the 2012 letter and its additional limitation. There is no error.

Lastly, the plaintiff reasserts that the ALJ failed to make a proper residual functional capacity ("RFC") assessment. Respectfully, this objection is, for the better part, a matter raised to the magistrate judge and appropriately considered but rejected. (See R&R at 10-11); *see Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The Court has thoroughly reviewed the objections and the magistrate judge's consideration and citation to legal authority and agrees that the ALJ performed an adequate RFC assessment.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner to deny benefits is AFFIRMED.

IT IS SO ORDERED.

                                           s/Bruce Howe Hendricks
                                           United States District Judge

September 25, 2015
Greenville, South Carolina